UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joshua Adams,
    Plaintiff,
vs.

SULLIVAN PROPERTIES, L.P.
and THE CRYSTAL ROOM, L.P.,
    Defendants.

## COMPLAINT

Plaintiff, Joshua Adams, by his undersigned counsel, hereby files this Complaint against Defendants, SULLIVAN PROPERTIES, L.P. and THE CRYSTAL ROOM, L.P., ("Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** Plaintiff currently resides in the Brooklyn, New York.

**3.** Plaintiff was born with spina bifida and Hydrocephalus, and as a result is bound to ambulate in a wheelchair. He is a qualified individual with disabilities under the ADA.

**4.** Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied

1

and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 17 below.

**5.** Defendant, SULLIVAN PROPERTIES, L.P., transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 97 SULLIVAN STREET, NEW YORK, NEW YORK where the restaurant known as BLUE RIBBON BRASSERIE is located (the "Facility").

**6.** Defendant, THE CRYSTAL ROOM, L.P. transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 97 SULLIVAN STEET, NEW YORK, New York, and the owner and/or operator of a restaurant known as BLUE RIBBON BRASSERIE (the "Facility").

**7.** The Facility is a place of public accommodation under the ADA.

**8.** Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

**9.** The barriers alleged in Paragraph 17, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

**10.** The removal of the alleged barriers can be accomplished without much difficulty or expense.

**11.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

12. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 17, below.

14. Plaintiff intends to visit the restaurant during the holiday season to celebrate with friends and family, and thereafter as he is especially fond of the Facility.

15. Plaintiff enjoys the Facility for its unique, eclectic menu and particularly enjoys the seafood, steak, and cheese fondue.

16. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

17. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

> **Entrance**
> 1. The entrance is not accessible due to an existing step with no ramp provided in violation of ADAAG 206, 402, 403 and 303, 405 and 406.

3

    2. The required minimum maneuvering clearance not provided at entrance door. Non-compliant change in floor level within required maneuvering clearance at entrance door in violation of 206, and 404.

**Dining Area**
1. The exterior dining area is not accessible as it has a raised dining area with no ramp in violation of ADAAG 206, 402, and 406.
2. The dining tables (exterior) are not accessible as they do not provide sufficient toe and knee clearance in violation of ADAAG 226, 902, 305 and 306.

**Bar (Interior)**

    The bar is inaccessible as it is too high and does not provide enough knee clearance, toe clearance, and is too high in violation of ADAAG 226, 902 and 306.

**Dining tables (Interior)**

    The dining tables are not accessible as they do not provide sufficient toe and knee clearance in violation of ADAAG 226, 902, 305 and 306.

**Restroom 1 of 2**
1. Compliant signage identifying the first of two restrooms not provided as required in violation of ADAAG 216 and 703.
2. Required minimum maneuvering clearance not provided at door of the first of two restrooms in violation of ADAAG 206 and 402.
3. Minimum clear width in doorway not provided (doorway too narrow) in violation of ADAAG 206 and 402.
4. Non-compliant door swing of door of the first of two restrooms. Restroom door swings into the floor space of fixtures in the first of two restrooms in violation of ADAAG 603.
5. Non-compliant doorknob at door of the first of two restrooms requires twisting of the wrist in violation of ADAAG 404 and 309.
6. Required minimum turning space not provided in the first of two restrooms in violation of ADAAF 603 and 304.
7. Inaccessible toilet compartments in the first of two restrooms. Required minimum clearance not provided at water closet in the first of two restrooms in violation of ADAAG 604.
8. Required grab bars not provided on rear and side walls of water closet in the first of two restrooms in violation of ADAAG 604.
9. Non-compliant distance of water closet from side wall in the first of two restrooms in violation of 604.
10. Inaccessible toilet paper dispenser in the first of two restrooms. Non-compliant position of toilet paper dispenser from water closet in the first of two restrooms in violation of ADAAG 604.
11. Inaccessible lavatory in the first of two restrooms. Required minimum clear floor space not provided at lavatory in the first of two restrooms in violation of 606, 305.
12. Insulation of pipes and water lines under the lavatory in the first of two restrooms not provided as required in violation of ADAAG 606.

13. Inaccessible paper towel dispenser in the first of two restrooms. Non-compliant mounted height of paper towel dispenser in the first of two restrooms exceeds maximum height allowance in violation of ADAAG 606 and 308.
14. Inaccessible mirror in the first of two restrooms. Non-compliant height of mirror in the first of two restrooms exceeds maximum height allowance in violation fo ADAAG 604 and 308.

**Restroom 2 of 2**
1. Compliant signage identifying the first of two restrooms not provided as required in violation of ADAAG 216 and 703.
2. Required minimum maneuvering clearance not provided at door of the first of two restrooms in violation of ADAAG 206 and 402.
3. Minimum clear width in doorway not provided (doorway too narrow) in violation of ADAAG 206 and 402.
4. Non-compliant door swing of door of the first of two restrooms. Restroom door swings into the floor space of fixtures in the first of two restrooms in violation of ADAAG 603.
5. Non-compliant doorknob at door of the first of two restrooms requires twisting of the wrist in violation of ADAAG 404 and 309.
6. Required minimum turning space not provided in the first of two restrooms in violation of ADAAF 603 and 304.
7. Inaccessible toilet compartments in the first of two restrooms. Required minimum clearance not provided at water closet in the first of two restrooms in violation of ADAAG 604.
8. Required grab bars not provided on rear and side walls of water closet in the first of two restrooms in violation of ADAAG 604.
9. Non-compliant distance of water closet from side wall in the first of two restrooms in violation of 604.
10. Inaccessible toilet paper dispenser in the first of two restrooms. Non-compliant position of toilet paper dispenser from water closet in the first of two restrooms in violation of ADAAG 604.
11. Inaccessible lavatory in the first of two restrooms. Required minimum clear floor space not provided at lavatory in the first of two restrooms in violation of 606, 305.
12. Insulation of pipes and water lines under the lavatory in the first of two restrooms not provided as required in violation of ADAAG 606.
13. Inaccessible paper towel dispenser in the first of two restrooms. Non-compliant mounted height of paper towel dispenser in the first of two restrooms exceeds maximum height allowance in violation of ADAAG 606 and 308.
14. Inaccessible mirror in the first of two restrooms. Non-compliant height of mirror in the first of two restrooms exceeds maximum height allowance in violation fo ADAAG 604 and 308.

18. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all the ADA violations.

19. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

20. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

21. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

22. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed,

and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: November 2, 2022

Respectfully submitted,

*s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
   *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com